1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAVEL GLAMAZDA and ULYANA GLAMAZDA,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | NO:  12-CV-5100-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT |

BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 15).  This matter was heard without oral argument on January 9, 2013.  The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

BACKGROUND

On July 10, 2012, Plaintiffs Pavel Glamazda and Ulyana Glamazda filed a complaint in Small Claims Department of Benton County District Court alleging that Carl Johnson and Trina Gonzalez, employees of the United States Social

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ~ 1

1    Security Administration ("SSA"), mismanaged their benefits, intentionally

2    withheld benefits, and refused to adjust their benefit amounts.  ECF No. 1-1.  The

3    case was removed to this Court, and the Court subsequently granted the United

4    States' motion to be substituted as defendant.  ECF No. 1, 12.  Presently before the

5    Court is Defendant's Motion to Dismiss Plaintiffs' Complaint for lack of subject

6    matter jurisdiction because Plaintiffs failed to exhaust administrative remedies.

7                                         DISCUSSION

8         Judicial review of claims arising under Title XVI of the Social Security Act

9    is governed by 42 U.S.C. § 405(g).  Section 405(g) "clearly limits judicial review

10   to a particular type of agency action, a 'final decision of the Secretary made after a

11   hearing.'"  *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *see also Subia v. Comm'r*

12   *of Social Sec.*, 264 F.3d 899, 902 (9th Cir. 2001).  Thus, "[a] claimant's failure to

13   exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g),

14   deprives the district court of jurisdiction."  *Bass v. Social Sec. Admin.*, 872 F.2d

15   832, 833 (9th Cir. 1989).  However, courts may waive the exhaustion requirement

16   when a plaintiff makes a claim that is (1) collateral to a substantive claim of

17   entitlement, (2) colorable in its showing that denial of relief will cause irreparable

18   harm, and (3) one whose resolution would not serve the purposes of exhaustion.

19   *Kildare v. Saenz*, 325 F.3d 1078 (9th Cir. 2003); *see also Subia*, 264 F.3d at 902

20

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
COMPLAINT ~ 2

(court may also waive exhaustion requirement if plaintiff asserts colorable constitutional claims).

On February 24, 2012, Plaintiffs filed a request for reconsideration of a reduction in their SSI payments.  The reduction was based on a finding that Plaintiffs were receiving a rental subsidy because their landlord, who was also their daughter, reported that she charged them less rent than she would have charged a non-relative for the same space.  On July 13, 2012, Ms. Gonzalez denied Plaintiffs' request for reconsideration based on the same reports by Plaintiffs' daughter.[1] The denial of reconsideration included notification that Plaintiffs had 60 days to ask for a hearing if they disagreed with the decision.  ECF No. 16-1.  Plaintiffs also received a pamphlet advising them of the four steps for appeal and the consequences for failing to file a timely appeal, including the loss of right to any further review.

---

[1] The record before the Court shows that after filing the instant lawsuit, Plaintiffs provided the SSA with a statement from their daughter reporting that she was not charging her parents less rent than she would charge non-relatives for the same space.  ECF No. 16 at 3.  Thus, as of October 8, 2012, Plaintiffs received back payments for July  2012 – October 2012, and are currently receiving the maximum amount of SSI payments each month.  ECF No. 16-3.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ~ 3

Plaintiffs' Complaint does not indicate that they pursued any administrative appeals past the initial request for reconsideration.  Nor do Plaintiffs' allege that they requested or received a hearing before an administrative law judge, or received a final decision.  Furthermore, the Court finds no colorable constitutional claim or alternate basis for waiver of the exhaustion requirement.  Thus, the Court finds Plaintiffs failed to exhaust their administrative remedies and the Complaint must be dismissed for lack of subject matter jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Plaintiffs' Complaint, ECF No. 15, is **GRANTED** without prejudice.

The District Court Executive is hereby directed to enter this Order, enter Judgment accordingly, provide copies to the parties, and **CLOSE** the file.

**DATED** this 16th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ~ 4